UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                                                    )<br>)<br>JAMES CRUZ,                                                  )<br>)<br>                         DEFENDANT              ) | CRIMINAL NO. 96-76-P-H-01 |

ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

On September 25, 1997, Judge Carter sentenced James Cruz to 35 years (420 months) in prison. A jury had convicted him of conspiracy to possess with intent to distribute crack cocaine, using a firearm in connection with a drug trafficking crime, and several other firearms crimes. Because Cruz had previous qualifying felony convictions, one for drugs and one for a crime of violence, he was a career offender within the meaning of Guideline 4B1.1. As a result, Guideline 4B1.1 prescribed a Criminal History Category of VI and a base offense level of 37. Since Cruz went to trial, he did not receive a reduction for acceptance of responsibility, and his total offense level was 37. Those numbers produced a Guidelines sentence range of 360 months to life for most of the counts. The conviction for using a firearm in connection with a drug trafficking crime resulted in a mandatory consecutive term of 60 months additional.

On July 23, 2008, Cruz filed a motion to reduce sentence based upon Guidelines Amendments 506, 706-711,[1] and 599. Amendment 506 was in effect when Cruz was sentenced. It is not a ground for reduction now. Cruz's status as a career offender drove his 360-month sentence, not his drug quantity. The crack cocaine amendments (706 and 711), therefore, cannot help him. Amendment 599 (changing Application Note 2 to Guideline 2K2.4[2]) cannot help him because it too does not change the career offender sentence or the mandatory consecutive sentence.

In sum, Cruz's original sentence was based not on Guidelines calculations of the quantity of crack cocaine or the Commentary to Guideline 2K2.4, but upon the fact that he was a career offender and used a firearm in connection with a drug trafficking crime. His career offender status is what drove the Guidelines range, not the Guidelines calculations for crack cocaine. Applying the new, more lenient crack cocaine Guideline, or the other amendments, simply would not affect Cruz's sentence. Therefore, the motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 31ST DAY OF JULY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The motion says 706-711. I believe Cruz means 706 and 711, since those amendments affect the crack cocaine calculations. Amendments 707, 708, 709, and 710 are not retroactive. USSG § 1B1.10(c).

[2] This Note appears as Application Note 4 to Guideline 2K2.4 in the November 1, 2007 Guidelines Manual.

2