UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:96-cr-76-DBH-01 |
| | ) | |
| JAMES CRUZ, | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

On September 2, 2011, a letter was docketed from the defendant James Cruz. The Clerk's Office treated it as a motion for reduction of sentence based upon the new crack cocaine Guidelines, now effective retroactively as of November 1, 2011. On October 20, 2011, a letter was docketed from the defendant Cruz objecting to his previous letter being treated as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), and stating that he was asking only for the appointment of counsel and to inquire "whether the court would consider a possible reduction in sentence based on the November 1, 2011, Amendment made retroactive." Letter from Def. at 1 (Docket Item 168).

The Clerk's Office shall accordingly treat the September 2, 2011, only as a motion for appointment of counsel. As so designated, the motion is **Denied**. This defendant is not eligible for a sentence reduction under the new retroactive and more lenient crack cocaine Guidelines. He was a career offender and was sentenced by Judge Carter at the bottom of the Guideline

range applicable to him, 360 months, with a mandatory consecutive term of 60 months for using a firearm in connection with a drug trafficking crime. I reached that same conclusion considering whether the earlier manifestation of a retroactive more lenient crack cocaine Guideline could apply to Cruz, Order on Defendant's Motion for Appointment of Counsel (Docket Item 154), and the First Circuit affirmed my conclusion that it could not. Mandate of USCA for the 1st Cir. (Docket Item 163). Nothing since then has changed. See United States v. Cardosa, 606 F.3d 16, 19 (1st Cir. 2010) (if sentenced as a career offender and original sentence did not deviate from the career offender guideline, defendant is not benefited by reduced crack cocaine Guidelines). Since Judge Carter's original sentence did not go below the Guideline range, the new crack cocaine Guidelines cannot reduce the defendant's sentence. There is therefore no reason to appoint counsel.

**SO ORDERED.**

**DATED THIS 3RD DAY OF NOVEMBER, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**