UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES CRUZ, | ) |
| Movant | ) |
| v. | ) 2:96-cr-00076-GZS-1 |
| | ) 2:00-cv-00119-GZS |
| UNITED STATES OF AMERICA, | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON MOTION**

James Cruz has filed what he calls a "motion filed pursuant to Title 28 U.S.C. § 2255(f)(3)" seeking to reopen his original § 2255 petition. Cruz filed the original petition on April 24, 2000, and the Court denied it without an evidentiary hearing on the basis of the recommendation of United States Magistrate Judge Cohen. Magistrate Judge Cohen's unpublished recommended decision, dated October 4, 2000, can be accessed on this Court's website in the index of his opinions for the year 2000. The recommendation was twenty-one pages in length and addressed the substantive merits of the grounds raised by Cruz in his original § 2255 petition. It cannot be disputed but that Cruz has already filed a first motion to vacate his conviction and thus the motion to "reopen" is actually a second or successive petition under 28 U.S.C. § 2255(h).

Cruz argues that the motion to reopen is timely filed because it was filed within one year after the date on which a right was initially recognized by the Supreme Court and made retroactive to cases on collateral review under 28 U.S.C. § 2255(f)(3). Cruz relies upon the opinion in <u>DePierre v. United States</u>, 131 S. Ct. 2225 (June 9, 2011), in which the Supreme Court held that the term "cocaine base" in a federal drug statute means not just crack cocaine, but

includes all forms of cocaine in its chemically basic form.  Cruz says this holding has retroactive application to his sentence.  Even if there were some validity to the argument that this Supreme Court opinion applies retroactively to Cruz's conviction and sentence, and that this "motion" was timely filed, this Court could not simply "reopen" a twelve year old judgment under § 2255. Nothing in the motion suggests that the original judgment could be reopened under any provision of Rule 60(b) of the Federal Rules of Civil Procedure.  See  Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir. 2003) (limiting the use of a Rule 60(b) motion in the context of § 2255 petitions to only those motions that attack the manner in which the earlier judgment was procured).

     Judgment entered in the underlying criminal case on October 6, 1997.  The First Circuit concluded its direct review in 1998.  United States v. Cruz, 156 F.3d 22 (1st Cir. 1998).   Since that time Cruz has filed a number of motions attempting to have the judgment reconsidered, amended, or otherwise vacated.  Those efforts have all been unsuccessful, most notably Cruz's attempt in 2010 to obtain leave from the First Circuit to file a second or successive petition based upon the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008).  In re: James Cruz, No. 10-1332 (1st Cir., April 6, 2010) (see United States v. Cruz, No. 1:96-cr-00076-GC (D. Me.): ECF No. 164.)  It would appear that Cruz's efforts to obtain review in this instance suffer from the same infirmity as in 2010, i.e., the rule in question is one of statutory interpretation, not constitutional law.  As matters now stand this court lacks jurisdiction to hear this motion to reopen under 28 U.S.C. §§ 2244(a), 2255(h) and Pratt v. United States, 129 F.3d 54 (1st Cir. 1997).  See id. at 75 ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or

successive habeas petition unless and until the court of appeals has decreed that it may go forward.").

### *Conclusion*

For the reasons above I recommend that the Court summarily dismiss without prejudice this 28 U.S.C. § 2255 motion to reopen and recommend that the Court deny Cruz a certificate of appealability in the event he should file a Notice of Appeal.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 6, 2012                                /s/Margaret J. Kravchuk
                                            U.S. Magistrate Judge