UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES CRUZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:96-cr-00076-GZS-1 |
| | ) | 2:14-cv-00250-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Pursuant to 28 U.S.C. § 2255, Petitioner James Cruz has filed a second or successive motion to vacate, set aside or correct his sentence. (Motion, ECF No. 180.) In his motion, Petitioner argues that he is entitled to relief pursuant to section 2255(3), (4), based in part on the recent Supreme Court case of *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276 (2013). (Motion at 1, 4.) After a review of Petitioner's motion, the recommendation is that the Court dismiss the motion because it is a second or successive section 2255 motion and as such is subject to the gatekeeping provisions of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).[1]

---

[1] Title 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Court entered Judgment in the underlying criminal case in October 1997. (ECF No. 97.) On Petitioner's direct appeal in 1998, the First Circuit affirmed the Judgment. *United States v. Cruz*, 156 F.3d 22 (1st Cir. 1998). Petitioner filed his first section 2255 motion in April 2000, which motion the Court denied without an evidentiary hearing. (ECF Nos. 120, 134, 137.) In 2010, the First Circuit denied Petitioner's request for leave to file a second or successive habeas petition. *In re: James Cruz*, No. 10-1332 (1st Cir. Apr. 6, 2010). (ECF No. 164.) Petitioner subsequently moved to "reopen" his original section 2255 motion. This Court considered Petitioner's filing to be a second or successive motion, and denied the motion. (ECF Nos. 174, 175, 177.)

The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). This Court thus lacks jurisdiction over the pending motion unless and until Petitioner obtains leave to file such a motion in accordance with sections 2244(b)(3)(A), 2255(h). *See also* First Circuit Local Rule 22.1.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court dismiss Petitioner's section 2255 motion, and deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2014